**FRED S. JAMES & COMPANY OF OKLAHOMA, INC., Appellant,**

v.

**WEST TEXAS COMPRESSES, INC., Appellee.**

No. 11–87–039–CV.

Court of Appeals of Texas, Eastland.

Nov. 19, 1987.

R. Spencer Shytles, Graham, Bright & Smith, Dallas, for appellant.

Glynn Purtle, Fillmore, Purtle, Spurgers & Briley, Wichita Falls, for appellee.

## OPINION

McCLOUD, Chief Justice.

Fred S. James & Company of Oklahoma, Inc., plaintiff, sued West Texas Compresses, Inc., defendant, seeking to recover additional insurance premiums for workers' compensation coverage. Plaintiff alleged that defendant owed additional premiums totaling $45,878.31. Defendant admitted owing an additional $11,364.31. After a nonjury trial, the trial court entered judgment that plaintiff recover the undisputed balance due of $11,364.31 plus prejudgment and post-judgment interest and $3,500.00 in attorney's fees. Plaintiff appeals. We affirm.

Plaintiff is an insurance agency which provided workers' compensation coverage through Georgia Casualty & Surety Company, an insurance carrier, for defendant during the period of November 1, 1981, to November 1, 1982. An audit of defendant's payroll for this period was conducted by Mr. Ables on behalf of the insurance carrier in January 1983. As a result of this audit, plaintiff billed defendant for additional premiums totaling $15,301.00 for this period. No experience modifier was reported on this bill. Defendant paid the additional premium of $15,301.00.

Robert Reo, an employee of defendant, testified that he was present when Ables performed the audit. Reo testified that he had received information that the experience modifier for the period of time in question was 1.0. Reo stated that Ables confirmed the 1.0 experience modifier. Reo perceived that the bill for $15,301.00 reflected the 1.0 experience modifier.

William Roy Gattis, plaintiff's Vice–President of Marketing, testified that the experience modifier for the period in question was 1.33. Gattis stated that defendant was later billed $44,815.00 as a result of the 1.33 experience modifier.

Susan Theresa Susmilch, plaintiff's Vice–President of Finance, testified on cross-examination that a 1.0 experience modifier for the 1983 audit would have produced an additional premium of $15,301.00.

The record reflects that the experience modifier is established by the State Board of Insurance and is used to calculate the actual amount of the workers' compensation premium due during a given period of time. A certified copy of the experience modifier rating form for defendant for November 1, 1981, to November 1, 1982, was not presented at trial. See TEX.R.EVID. 902. Neither Ables (the man who conducted the audit) nor a representative of either Georgia Casualty & Surety Company (the insurance carrier) or the State Board of Insurance testified.

The trial court entered findings of fact that the experience modifier was 1.0 for November 1, 1981, to November 1, 1982; that plaintiff failed to prove by a preponderance of the evidence that the experience modifier was a figure other than 1.0; and that the $15,301.00 paid by defendant was the balance owed by defendant to plaintiff for coverage during the period in question. Plaintiff contends that there is no evidence to support the findings of fact that the experience modifier was 1.0 and that the correct balance of the amount owed by defendant was $15,301.00. Plaintiff also contends that there is insufficient evidence to support the finding of a 1.0 experience modifier; that a 1.33 experience modifier was established as a matter of law; and that all of the above findings are against the great weight and preponderance of the evidence. We disagree.

In reviewing a "no evidence" or "matter of law" point, all evidence to the contrary of the trial court's finding must be disregarded, and if there is any remaining evidence to support the finding, the judgment must be affirmed. *McGalliard v. Kuhlmann,* 722 S.W.2d 694 (Tex.1986); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). In reviewing a factual insufficiency point, the finding will be upheld unless, after considering all the evidence, the finding is so against the overwhelming weight of the evidence as to be clearly and manifestly wrong. *Pool v. Ford Motor Company,* 715 S.W.2d 629 (Tex.1986); *In re King's Estate,* supra.

■ Reo and Gattis were the only witnesses to testify as to defendant's experience modifier for the period in question. Reo testified it was 1.0; Gattis testified it was 1.33. The evidence is sufficient to support the challenged trial court's findings. These points of error are overruled.

■ The judgment was signed on November 24, 1986. In its motion for new trial, plaintiff alleged the judgment should be set aside because:

> The evidence adduced at trial, and the facts and law which are properly cognizable by this Court under the principles of judicial notice, establish that the proper experience modifier for the policy term in question is 1.33 as a matter of law.

On January 29, 1987, plaintiff filed a "request for judicial notice" in which the trial court was requested to judicially notice that the experience modifier for defendant for the subject policy term was 1.33. Plaintiff also stated that a certified statement from the State Board of Insurance reflecting a 1.33 experience modifier would be presented at the hearing on plaintiff's motion for new trial. The transcript contains two orders, both dated March 3, 1987, overruling the motion for new trial and the request for judicial notice. The record does not contain the statement of facts from the hearing on the motion for new trial and request for judicial notice.

Plaintiff contends in its brief that the trial court should have taken judicial notice of the 1.33 experience modifier pursuant to TEX.R.EVID. 201. Plaintiff also requests, in a motion for judicial notice filed in this Court, that this Court take judicial notice of the 1.33 experience modifier pursuant to TEX.R.EVID. 201 and 204. Included in a supplemental transcript and attached to this motion are copies of a certificate from the State Board of Insurance which states, in pertinent part:

> Form WC20–2 reflecting a Workers' Compensation Insurance Experience Modifier of 1.33 effective November 1, 1981, promulgated by the State Board of Insurance for West Texas Compresses, Inc. and West Texas Culverts, Inc., et al.

> *The experience rating form itself is no longer contained in our file.* (Emphasis added)

"Form WC20–2" appears to be a "Rate Memo" work sheet.

Plaintiff argues that pursuant to TEX.R. EVID. 201(f) judicial notice of an adjudicative fact may be taken at any time. We agree. However, TEX.R.EVID. 201(b) states that:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

TEX.R.EVID. 201(d) further states that a court shall take judicial notice when "requested by a party and supplied with the necessary information."

■ Plaintiff has not supplied the trial court or this Court with the "necessary information" to establish the experience modifier of 1.33 as a judicially noticeable fact. The certificate, which expressly refers to the work sheet, states that the actual rating form no longer exists in the files of the State Board of Insurance. The certificate does not qualify as a source whose accuracy cannot reasonably be questioned. An experience modifier is not a fact generally known within the territorial jurisdiction of the trial court. The final experience modifier was a contested fact issue. Moreover, while the experience modifier effective November 1, 1981, is stated, the certificate does not establish what the experience modifier was for the duration of the policy period in question: November 1, 1981, to November 1, 1982. The uncontradicted evidence established that an experience modifier is variable.

In addition, the record does not reflect what, if any, information was supplied to the trial court. The certificate and attached work sheet were filed by the district clerk two days after the trial court signed its orders overruling the motion for new trial and the request for judicial notice. TEX.R.EVID. 204 is not applicable to this case. Both plaintiff's point of error and motion for judicial notice are overruled.

■ Finally, plaintiff challenges the legal and factually sufficiency of the evidence to support the trial court's finding that attorney's fees of only $3,500.00 was reasonable. Plaintiff's attorney at trial testified that he and a partner in his firm had spent approximately 48 hours preparing this case. The trial attorney testified that his billable rate was $90.00 an hour and that his partner's billable rate was $125.00 an hour. The trial attorney testified that a reasonable amount for handling the lawsuit would be $5,885.00 for legal fees through the time of trial; $3,500.00 if the case was appealed to this Court; $2,000.00 for preparing a writ of error; and $2,000.00 if the Texas Supreme Court granted writ. On cross-examination, the trial attorney testified that had defendant paid $11,364.00 (the undisputed amount owed) before this suit was filed, he would have spent roughly the same amount of time preparing for this trial.

No abuse of discretion has been shown. The points of error are overruled.

The judgment of the trial court is affirmed.