ACCEPTED
03-13-00025-CV
7301173
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/8/2015 8:32:55 PM
JEFFREY D. KYLE
CLERK

No. 03-13-00025-CV
In the Third Court of Appeals
Austin, Texas

## Jerry Scarbrough, *et al*
## Appellant

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/8/2015 8:32:55 PM
JEFFREY D. KYLE
Clerk

v.

## Helen Purser, *et al.*
## Appellee

---

## On Appeal from the 146th Judicial District Court of Bell County, Cause No. 236,117-B

---

## APPELLANT'S REQUEST TO TAKE JUDICIAL NOTICE OF FACTS

---

Jerry W. Scarbrough
P. O. Box 690866
Killeen, TX. 76549
PH: (254) 634-6266
FAX: (254) 634-0516
jws@jerryscarbrough.net

Michele Barber Chimene
THE CHIMENE LAW FIRM
TBN 04207500
2827 Linkwood Dr.
Houston, TX 77025
PH: (832) 940-1471
No fax available
michelec@airmail.net

1

**TO THE HONORABLE JUSTICES OF THE COURT:**

**COMES NOW, JERRY SCARBROUGH**, and files this, his request to Take Judicial Notice of Facts.

## INTRODUCTION

1. Appellant is Jerry Scarbrough.

2. Appellees are Helen Purser, Gary W. Purser, Jr., Joann Purser, Sue E. Purser a/ka/ Sue E. Van Zanten, and Elizabeth H. Tipton.

3. This appeal stems from a Bell County District Court case wherein the Appellant was sued in a cross-claim lawsuit.

4. Appellant asks the Court to take judicial notice of "Plaintiff's Closing Arguments" filed July 25, 2014, by Elizabeth Tipton, before the Bankruptcy Court for the Western District of Texas, Waco Division in case Number 12-60683-RBK, Adversary No. 12-6031-RBK, where she admitted that the confidentiality of Gary Purser's medical records was waived after he died; Helen Purser's Original Petition for Divorce, filed May 18, 2010, cause no. 243,320-C, in the 169th Judicial District Court, Bell County, and the Agreed Temporary Orders, filed June 25, 2010

## FACTS

5. In Plaintiff's Closing Arguments, page 8, Elizabeth Tipton wrote, "Rather, limited records were properly disclosed in the context of expert designations, and, after the death of Gary Purser, Sr., the Purser Family eventually

2

waived the confidential nature of the documents in order to introduce them into evidence during trial." These facts directly contravene Appellee's claim that Appellant's disclosure of Gary Purser, Sr.'s medical records was harmful or a violation of the trial court's order on confidentiality. It also belies the fact that they claimed Appellant should be ordered to pay them $54,000 sanctions for divulging them after they had expressly waived their confidentiality.

6. During trial Appellees claimed that Helen Purser and her husband, Gary Purser, Sr. had a close, harmonious marriage; however, the facts are that she had filed a divorce action against him in May 2010, where she contended her husband "is suffering from dementia, Alzheimer's and various medical and emotional disorders." and, "has physically harmed Petitioner and family members as a result of his disorders." She requested the court to conduct an emergency hearing to expedite issuance of a protective order, and the court entered the Agreed Orders, wherein it ordered and enjoined them from, [16.] "Changing or in any manner altering the beneficiary on any Will, Trust, Testamentary instrument, or life insurance on the life of Petitioner or Respondent." She also requested that she should be awarded a disproportionate share of the parties' estate due to his mental and emotional disorder.

7. Appellant Jerry Scarbrough attaches his affidavit in support of this request to establish facts not apparent from the record, and incorporates true copies

3

of page 8, Plaintiff's Closing Arguments; Helen Purser's Original Petition for Divorce; and, the Agreed Temporary Orders filed therein for all purposes, as Exhibit "A".

**ARGUMENT & AUTHORITIES**

8.     Under Texas Rule of Evidence 201(b), the court may take judicial notice of facts that are not subject to reasonable dispute if the facts are either (1) generally known within the territorial jurisdiction of the trial court (notorious fact); or (2) capable of accurate and ready determination by resorting to sources whose accuracy may not reasonably be questioned (verifiable fact). *Office of Pub. Util. Counsel v. Public Util. Comm'n*, 878 S.W.2d 598, 600 (Tex. 1994).

9.     The fact Appellant asks the court to judicially notice is a verifiable fact. Tex. R. Evid. 201(b)(2); Herasimchuk, *Texas Rules of Evidence Handbook*, pp. 130-31 (3d ed. 1998); *see, e.g., Office of Pub. Util. Counsel v. Public Util. Comm'n*, 878 S.W.2d 598, 600 (Tex. 1994) (contents of published PUC order); *Graff v. Whittle*, 947 S.W.2d 629, 635 (Tex. App.—Texarkana 1997, writ denied) (population of Red River County was less than 50,000); *Drake v. Holstead*, 757 S.W.2d 909, 911 (Tex. App.—Beaumont 1988, no writ) (once supplied with computation, court should have taken judicial notice of the distance a car would travel at a given speed); *J. Weingarten, Inc. v. Tripplett*, 530 S.W.2d 653, 656 (Tex. App.—Beaumont 1975, writ ref'd n.r.e.) (court may consult weather bureau

4

records to judicially notice a weather report for a particular day). Thus, this court should take judicial notice of "Plaintiff's Closing Argument" where Elizabeth Tipton wrote, ", after the death of Gary Purser, Sr., the Purser Family eventually waived the confidential nature of the documents in order to introduce them into evidence during trial."

10. The court must take judicial notice of a fact if a party makes a proper request and supplies the court with the necessary information. *See Tran v. Fiorenza*, 934 S.W.2d 740, 742 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Fred S. James & Co. v. West Tex. Compresses, Inc.*, 741 S.W.2d 571, 573 (Tex. App.—Eastland 1987, no writ).

11. Under Rule 201(f), Judicial notice may be taken at any stage of the proceeding.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Jerry Scarbrough, Appellant, asks the court to take judicial notice of the requested facts.

Respectfully submitted,

/s/ Jerry Scarbrough
Jerry W. Scarbrough
P. O. Box 690866
Killeen, TX. 76549
PH: (254) 634-6266
FAX: (254) 634-0516
jws@jerryscarbrough.net

/s/ MB CHIMENE
Michele Barber Chimene
THE CHIMENE LAW FIRM
TBN 04207500
2827 Linkwood Dr.
Houston, TX 77025
PH: (832) 940-1471
No fax available
michelec@airmail.net

## CERTIFICATE OF CONFERENCE

The undersigned attempted to contact Daryl Moore, Counsel for the Pursers, but it was late in the day and she was unable to reach him. She would have waited until the following day for filing, but she will be out of town on Friday, 10/09 for her birthday and needed to file this before she left town. Counsel apologizes to the court, as she believes that she could have reached an agreement if she had planned better. She had very little notice of the motion herself. /s/ MB CHIMENE

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October 2015 a true and correct copy of the Appellant's Request to Take Judicial Notice was served, as indicated below, on counsel for Appellees Daryl Moore via ECF at daryl@heightslaw.com and via email on all three of Appellees' counsel, Mr. Moore, Elizabeth Tipton, Ms. Storey, and Jack Crews on the same date.


/s/ Michele Barber Chimene
Michele Chimene

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies that this brief was produced in proportional type, 14 pt. Times New Roman font, and it does not exceed the page limits for a Request to Take Judicial Notice.

<u>/s/ Michele Barber Chimene</u>
Michele Chimene

EXHIBIT "A"

STATE OF TEXAS§

COUNTY OF BELL§

## AFFIDAVIT OF APPELLANT JERRY SCARBROUGH

Before me, the undersigned notary, on this day, personally appeared Jerry Scarbrough, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

"My name is Jerry Scarbrough. I am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

The cover page, and page 8, of Plaintiff's Closing Arguments, in United States Bankruptcy Court, Western District of Texas, Waco, Division, filed by the Appellees July 25, 2014; Helen Purser's Original Petition for Divorce, and Agreed Temporary Orders, filed in the 169th Judicial Court in Bell County Texas, are true copies of the originals, and are attached to this affidavit for all purposes."

Jerry Scarbrough

**SWORN TO AND SUBSCRIBED** before me on the 8th day of October, 2015.



Notary Public, State of Texas

9



EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

|  |  |
|---|---|
| In re: | Case No. 12-60683-RBK |
|  | Chapter 7 |
| JERRY W. SCARBROUGH, |  |
| Debtor. |  |
| HELEN PURSER, SUE E. PURSER A/K/A SUE E. VAN ZANTEN, GARY W. PURSER, JR., JOANN M. PURSER, AND ELIZABETH TIPTON, |  |
| *Plaintiffs*, | Adversary Proceeding No. 12-06031-RBK |
| v. |  |
| JERRY W. SCARBROUGH, |  |
| *Defendant*. |  |

## PLAINTIFFS' CLOSING ARGUMENTS

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COME Plaintiffs Helen Purser, Gary W. "Bubba" Purser, Jr., JoAnn Purser, Sue E. Purser a/k/a Sue Van Zanten, and Elizabeth Purser Tipton (collectively, "**the Purser Family**" or "**Plaintiffs**") and file and serve this, their Closing Arguments. In support hereof, the Purser Family would respectfully show the Court as follows:

### INTRODUCTION

1. In its December 27, 2013 Order Granting in Part, and Denying in Part, Plaintiffs' Motion for Summary Judgment, the Court granted, under the doctrine of collateral estoppel, partial summary judgment on the Purser Family's 523(a)(6) and 523(a)(2)(A)

violation of the state court's Confidentiality Order, just like he had.[33] While the Purser Family's counsel did disclose some of Gary Purser, Sr.'s medical records, such disclosure was not in violation of the Confidentiality Order.[34] Rather, limited records were properly disclosed in the context of expert designations, and, after the death of Gary Purser, Sr., the Purser Family eventually waived the confidential nature of the documents in order to introduce them into evidence during trial.[35] When Defendant sought sanctions for the Purser Family's alleged violation of the Confidentiality Order, the state court denied Defendant's motion.[36]

10. Defendant desperately tried to draw comparisons between his actions and the alleged actions of the Purser Family and their counsel, but such comparisons fail miserably. Though Defendant filed many motions for sanctions and there were multiple hearings on the same, neither the Purser Family nor their attorneys were ever sanctioned by the state court.[37] Defendant, on the other hand, was heavily sanctioned by the state court for his actions as the result of multiple motions for sanctions filed by the Purser Family and multiple hearings on the same during which the state court considered evidence presented by the Purser Family and Defendant's excuses for his own discovery abuse, his violations of the Court's Confidentiality Order, and his frivolous pleadings.[38]

---

[33] *See* P57.

[34] P128; *see also* trial testimony of Jack Crews and Jeff Ray.

[35] *See* P6; P39.

[36] P128.

[37] *See* trial testimony of Jack Crews and Elizabeth Purser Tipton; *see also* P48.

[38] P121-P124; P155-V.

EXHIBIT "C"



NO. 243,320-C

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF: | §<br>§ | IN THE DISTRICT COURT |
| J. HELEN PURSER | §<br>§ | 169th JUDICIAL DISTRICT |
| AND | §<br>§ | |
| GARY W. PURSER, SR. | §<br>§ | BELL COUNTY, TEXAS |
| AND | §<br>§ | |
| J. HELEN PURSER,<br>　　　　Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | |
| GARY W. PURSER, SR.,<br>MELISSA V. DEATON AND<br>MARY DENISE BOHANNON STEELE,<br>　　　Defendants. | §<br>§<br>§<br>§ | |

## ORIGINAL PETITION FOR DIVORCE

### COUNT ONE

1.　*Discovery Level*

Discovery in this case is intended to be conducted under level 3 of rule 190 of the Texas Rules of Civil Procedure.

2.　*Parties*

This suit is brought by J. HELEN PURSER, Petitioner and Plaintiff, hereinafter referred to as Petitioner. The last three numbers of J. HELEN PURSER's driver's license number are 224. The last three numbers of J. HELEN PURSER's Social Security number are 548.

GARY W. PURSER, SR. is Respondent and Defendant.

GARY W. PURSER, SR., MELISSA V. DEATON, and MARY DENISE BOHANNON STEELE are the Defendants.

Page 1 of 23

3.    *Domicile*

Petitioner has been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period.

4.    *Service*

Process should be served on Respondent, GARY W. PURSER, SR., at 2113 Lakeview Loop, Killeen, Texas 76543, or wherever he may be found.

Process should be served on Defendant, MELISSA V. DEATON, at 4309 Longhorn Trail, Temple, Texas 76502, or wherever she may be found.

Process should be served on Defendant, MARY DENISE BOHANNON STEELE, at 200 Lake Road, Belton, Texas 76513, or wherever she may be found.

5.    *Protective Order Statement*

No protective order under title 4 of the Texas Family Code is in effect, and no application for a protective order is pending with regard to the parties to this suit, but Petitioner requests such a protective order and an emergency hearing to expedite such protective orders.

6.    *Dates of Marriage and Separation*

The parties were married on or about November 17, 1951 and ceased to live together as husband and wife on or about May 2010.

7.    *Grounds for Divorce*

Respondent is suffering from dementia, Alzheimers and various medical and emotional disorders, all of which have resulted in Respondent becoming involved in inappropriate relationships with MELISSA DEATON hereinafter referred to as "DEATON" and DENISE STEELE hereinafter referred to as "STEELE". As a result of these inappropriate relationships and mental problems, Respondent is guilty of cruel treatment toward Petitioner of a nature that renders further living together insupportable. Further, as a result of Respondent's mental condition and inappropriate relationships, Respondent has

substantially depleted the community estate, converted community assets, provided sham loans and objectionable gifts which have wasted community assets and defrauded Petitioner.

The marriage has become insupportable because of discord or conflict of personalities between Petitioner and Respondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

8.    *Children of the Marriage*

There is no child under eighteen years of age or otherwise entitled to support who was born or adopted of this marriage, and none is expected.

9.    *Division of Community Property*

Petitioner believes Petitioner and Respondent will enter into an agreement for the division of their estate. If such an agreement is made, Petitioner requests the Court to approve the agreement and divide their estate in a manner consistent with the agreement. If such an agreement is not made, Petitioner requests the Court and jury to divide their estate in a manner that the Court and jury deems just and right, as provided by law.

Petitioner should be awarded a disproportionate share of the parties' estate due to Respondent's mental and emotional disorder which have brought about the inappropriate relationships, wasting of community assets, and conduct further set forth in this Petition.

10.    *Breach of Fiduciary Duty*

Respondent, as Petitioner's spouse, has a fiduciary relationship with and a fiduciary duty to Petitioner. As a result of their fiduciary relationship, Petitioner reposed a special confidence in Respondent, and Respondent had a duty in equity and good conscience to act in good faith and with due regard for Petitioner's interests.

Respondent, in violation of his duty to Petitioner, has breached his duty to Petitioner by misappropriating community assets to DEATON, STEELE and others, providing cash, sham loans and other property to such persons and possibly others.

a.     Constructive Fraud

Respondent, due to his dementia, Alzheimer's and cognitive dysfunction for which he has been diagnosed, has defrauded Petitioner by breaching a legal and/or equitable duty owed Petitioner as a result of their fiduciary relationship.  That breach is fraudulent because, irrespective of Respondent's moral guilt or mental status, the breach had a tendency to deceive Petitioner and to violate Petitioner's confidence or to injure the public interest.  Respondent's actions damaged Petitioner physically, emotionally and financially.

b.     Waste of Assets

Respondent has squandered community assets by making grossly excessive gifts of community assets to DEATON, STEELE, and others, persons who are not the natural objects of Respondent's generosity.  Respondent has spent and wasted community funds on persons at a time when Respondent knew that Petitioner objected to these expenditures.  Petitioner objected to such expenditures and conduct numerous times.  Respondent's behavior, due to his mental condition, did not change.  These expenditures and gifts of property are obviously in direct violation of Respondent's duty as co-manager of the community estate.

11.     *Separate Property*

Petitioner owns certain separate property that is not part of the community estate of the parties, and Petitioner requests the Court to confirm that separate property as Petitioner's separate property and estate.

12.     *Request for Protective Order*

Sadly, Respondent suffers from dementia, Alzheimers  and delusional disorders, the symptoms of which include anger, agitation, combative behavior, rudeness, fits of rage, violence, explicit and adolescent inappropriate behavior.  Respondent has exhibited all such symptoms toward Petitioner and other family members, and has physically harmed Petitioner and family members as a result of his disorders.

J. HELEN PURSER is in fear of imminent physical harm, bodily injury or assault. Respondent's acts therefore constitute family violence.

Respondent's conduct is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass J. HELEN PURSER.

Good cause exists for prohibiting Respondent from communicating with J. HELEN PURSER except through Respondent's attorney or a person appointed by the Court, as requested below.

The residence at 2113 Lakeview Loop, Killeen, Texas 76543 is owned jointly by Petitioner and Respondent.

Petitioner requests the Court, after notice and hearing, to issue its protective order:

Prohibiting Respondent from committing family violence as described in section 71.004 of the Texas Family Code;

Prohibiting Respondent from communicating directly with J. HELEN PURSER in a threatening or harassing manner;

Prohibiting Respondent from communicating a threat through any person to J. HELEN PURSER;

On a finding of good cause, prohibiting Respondent from communicating in any manner with J. HELEN PURSER except through Respondent's attorney or a person appointed by the Court;

Prohibiting Respondent from engaging in conduct directed specifically toward J. HELEN PURSER, including following J. HELEN PURSER, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass J. HELEN PURSER;

Prohibiting Respondent from going to or near the residences or places of employment of J. HELEN PURSER;

Petitioner requests the Court to specifically prohibit Respondent from going to or near 2113 Lakeview Loop, Killeen, Texas 76543 and to specifically require Respondent to maintain 500 yards distance from Petitioner;

Prohibiting Respondent from going to the Purser Construction office located at 2901 E. Stan Schlueter Loop except upon hours designated by the Court;

Prohibiting Respondent from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business, and only when approved by Petitioner or other Principals of the business as a legitimate business expense;

Prohibiting Respondent from possessing a firearm or ammunition unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision;

Suspending Respondent's license to carry a concealed handgun issued under section 411.177 of the Texas Government Code;

Granting Petitioner exclusive possession of the parties' residence and ordering Respondent to vacate the residence;

Requiring Respondent to complete a battering intervention and prevention program or counseling as provided by section 85.022(a) of the Texas Family Code;

Prohibiting Respondent from giving away, supporting, paying for any expenses or fees, or loaning any further proceeds to DEATON, STEELE, or any other persons, until such time as the Court determines the division of community assets;

Awarding Petitioner exclusive use and possession of the following property:

2113 Lakeview Loop, Killeen, Texas, and all contents of the home, except

for personal clothing and effects of GARY W. PURSER, SR; and

Ordering Respondent to pay support for J. HELEN PURSER.

Petitioner requests the Court to render a written order to the sheriff to provide a law enforcement officer from the department of the sheriff to accompany Petitioner to the parties' residence, to inform Respondent that the Court has ordered Respondent excluded from the residence, to protect Petitioner while Petitioner takes possession of the residence and Respondent takes possession of Respondent's necessary personal property, and, if Respondent refuses to vacate the residence, to remove Respondent from the residence and arrest Respondent for violating the Court's order.

13. *Request for Temporary Ex Parte Order*

Before the filing of this application, Respondent has exhibited all symptoms of dementia, including conduct that constitutes family violence against Petitioner and Petitioner's family. There is an immediate need for the protective order requested in this application.

Based on the conduct and physical and mental condition of Respondent, Petitioner reasonably fears that there is a clear and present danger of family violence, which will cause Petitioner immediate and irreparable injury, loss, and damage, for which Petitioner has no adequate remedy at law.

Petitioner therefore requests the Court, immediately and without hearing, to issue a temporary ex parte order for the protection of J. HELEN PURSER:

Prohibiting Respondent from committing family violence as defined in section 71.004 of the Texas Family Code;

Prohibiting Respondent from communicating directly with J. HELEN PURSER in a threatening or harassing manner;

Prohibiting Respondent from communicating a threat through any person to J. HELEN PURSER;

On a finding of good cause, prohibiting Respondent from communicating in any manner with J. HELEN PURSER except through Respondent's attorney or a person appointed by the Court;

Prohibiting Respondent from engaging in conduct directed specifically toward J. HELEN PURSER, including following J. HELEN PURSER, that is reasonably likely to harass, annoy, alarm, abuse, or embarrass J. HELEN PURSER;

Prohibiting Respondent from going to or near the residences or places of employment or business of J. HELEN PURSER. Petitioner requests the Court to specifically prohibit Respondent from going to or near 2113 Lakeview Loop, Killeen, Texas 76543 and to specifically require Respondent to maintain 500 yards;

Prohibiting Respondent from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business and specifically approved by Petitioner or one of the Principals in the business;

Prohibiting Respondent from making any transfer of money, loans, giving money or other assets, supporting, paying for any expenses or fees, specifically including attorney's fees or expenses for DEATON, STEELE or others;

Prohibiting Respondent from possessing a firearm or ammunition unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision;

Suspending Respondent's license to carry a concealed handgun issued under section 411.177 of the Texas Government Code;

Granting Petitioner exclusive possession of the parties' residence and ordering Respondent to vacate the residence.

Petitioner requests the Court to render a written order to the sheriff to provide a law enforcement officer from the department of the sheriff to accompany Petitioner to the

parties' residence, to inform Respondent that the Court has ordered Respondent excluded from the residence, to protect Petitioner while Petitioner takes possession of the residence, and to protect Petitioner if Respondent refuses to vacate the residence while Petitioner takes possession of Petitioner's necessary personal property.

Petitioner requests the Court to dispense with the necessity of a bond.

The protective order requested is in the best interest of the family, household, or member of the family or household.

14. *Request for Temporary Restraining Order*

Petitioner requests the Court to dispense with the issuance of a bond, and Petitioner requests that Respondent, GARY W. PURSER, SR., be temporarily restrained immediately, without hearing, and after notice and hearing be temporarily enjoined, pending the further order of this Court, from:

(1). Communicating with Petitioner in person, by telephone, or in writing in vulgar, profane, obscene, or indecent language or in a coarse or offensive manner;

(2). Threatening Petitioner in person, by telephone, or in writing to take unlawful action against any person;

(3). Placing one or more telephone calls, anonymously, at any unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication;

(4). Causing bodily injury to Petitioner;

(5). Threatening Petitioner with imminent bodily injury or in any manner;

(6). Destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties, specifically including any money or assets to DEATON or STEELE, or others;

(7). Falsifying any writing or record relating to the property of either party;

Page 9 of 23

(8).    Misrepresenting or refusing to disclose to Petitioner or to the Court, on proper request, the existence, amount, or location of any property of one or both of the parties;

(9).    Damaging or destroying the tangible property of one or both of the parties, including any document that represents or embodies anything of value;

(10).   Tampering with the tangible property of one or both of the parties, including any document that represents or embodies anything of value, and causing pecuniary loss to Petitioner;

(11).   Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of Petitioner or Respondent, whether personalty or realty, and whether separate or community, except as specifically authorized by order of this Court;

(12).   Incurring any indebtedness, other than Respondent's own legal expenses (and not the expenses for DEATON or STEELE) in connection with this suit, except as specifically authorized by order of this Court;

(13).   Making withdrawals from any checking or savings account in any financial institution for any purpose, except as specifically authorized by order of this Court;

(14).   Spending any sum of cash in Respondent's possession or subject to Respondent's control for any purpose, except as specifically authorized by order of this Court;

(15).   Spending or appropriating any sum of cash in the GARY W. PURSER, SR.,1999 Trust for any purpose, including but not limited to money provided to DEATON and STEELE, except as specifically authorized by order of this Court;

(16).   Withdrawing or borrowing in any manner for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or

employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by order of this Court;

(17). Entering any safe-deposit box in the name of or subject to the control of Petitioner or Respondent, whether individually or jointly with others;

(18). Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of Petitioner or Respondent, except as specifically authorized by order of this Court;

(19). Changing or in any manner altering the beneficiary designation on any Will, Trust, Testamentary Instrument, or life insurance on the life of Petitioner or Respondent;

(20). Canceling, altering, failing to renew or pay premiums, or in any manner affecting the present level of coverage of any life, casualty, automobile, or health insurance policies insuring the parties' property or persons;

(21). Opening or diverting mail addressed to Petitioner;

(22). Signing or endorsing Petitioner's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends, or attempting to negotiate any negotiable instrument payable to Petitioner without the personal signature of Petitioner;

(23). Taking any action to terminate or limit credit or charge cards in the name of Petitioner;

(24). Discontinuing or reducing the withholding for federal income taxes on Respondent's wages or salary while this case is pending;

(25). Destroying, disposing of, or altering any financial records of the parties, including but not limited to records from financial institutions (including canceled checks and deposit slips), all records of credit purchases or cash advances, tax returns, and financial statements;

(26). Destroying, disposing of, or altering any e-mail or other electronic data relevant to the subject matters of this case, whether stored on a hard drive or on a diskette or other electronic storage device;

(27). Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance, at 2113 Lakeview Loop, Killeen, Texas 76543 or in any manner attempting to withdraw any deposits for service in connection with those services;

(28). Excluding Petitioner from the use and enjoyment of the residence located at 2113 Lakeview Loop, Killeen, Texas 76543;

(29). Entering, operating, or exercising control over the 2010 Toyota Avalon and the 2010 Toyota Camry motor vehicles in the possession of Petitioner;

(30). Interfering in any manner with the operation of the family businesses or making any expenditures from the business, except as specifically authorized by order of this Court;

(31). Interfering in any manner with any of the motor vehicles belonging to the family businesses, except as specifically authorized by order of this Court;

Petitioner requests that Respondent be authorized only as follows:

To make expenditures and incur indebtedness for his own reasonable and necessary living expenses for food, clothing, shelter, transportation, medical care, and not for any other persons; and,

To make expenditures and incur indebtedness for his own reasonable attorney's fees and expenses in connection with this suit, and not for any others.

15. *Request for Temporary Orders Concerning Use of Property*

Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue any appropriate

Page 12 of 23

temporary injunctions respecting the temporary use of the parties' property as deemed necessary and equitable, including but not limited to the following:

Awarding Petitioner the exclusive use and possession of the residence located at 2113 Lakeview Loop, Killeen, Texas 76543, as well as the furniture, furnishings, and other personal property at that residence, while this case is pending, and enjoining Respondent from entering or remaining on the premises of the residence and exercising possession or control of any of this personal property, except as authorized by order of this Court;

Awarding Petitioner exclusive use and control of the 2010 Toyota Avalon and the 2010 Toyota Camry motor vehicles and enjoining Respondent from entering, operating, or exercising control over them; and,

Awarding Petitioner the exclusive use of all her personal effects, clothing and jewelry, and enjoining Respondent from exercising possession or control of any of this property.

16.    *Request for Interim Attorney's Fees and Temporary Support*

Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue any appropriate temporary injunctions regarding attorney's fees and support as deemed necessary and equitable, including but not limited to the following:

Petitioner requests that Respondent be ordered to pay reasonable interim attorney's fees and expenses, including but not limited to fees for appraisals, accountants, actuaries, and so forth. Petitioner further requests the Court to order Respondent to make payments for the support of Petitioner until a final decree is signed.

17.    *Request for Temporary Orders for Discovery and Ancillary Relief*

Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders for discovery and ancillary relief as deemed necessary and equitable, including but not limited to the following:

Ordering Respondent to provide a sworn inventory and appraisement of all separate and community property owned or claimed by the parties and all debts and liabilities owed by the parties substantially in the form and detail prescribed by the *Texas Family Law Practice Manual* (2d ed.), form 7-1;

Ordering the parties to participate in an alternative dispute resolution process before trial of this matter;

Ordering Respondent to execute all necessary releases required by Petitioner to obtain any discovery allowed by the Texas Rules of Civil Procedure;

Ordering the psychological and/or psychiatric evaluation of Respondent; and,

Ordering a pretrial conference to simplify the issues in this case and determine the stipulations of the parties and for any other matters the Court deems appropriate.

18.     *Request for Permanent Injunction*

Petitioner requests the Court, after trial on the merits, to grant the following permanent injunctions:

a.      Communicating with Petitioner in person, by telephone, or in writing in vulgar, profane, obscene, or indecent language or in a coarse or offensive manner;

b.      Threatening Petitioner in person, by telephone, or in writing to take unlawful action against any person;

c.      Placing one or more telephone calls, anonymously, at any unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication;

d.      Causing bodily injury to Petitioner; or,

e.      Threatening Petitioner with imminent bodily injury.

19.     *Attorney's Fees, Expenses, Costs, and Interest*

It was necessary for Petitioner to secure the services of JOHN O. ROARK and LARRY H. SCHWARTZ, licensed attorneys, to prepare and prosecute this suit. To effect

an equitable division of the estate of the parties and as a part of the division, judgment for attorney's fees, expenses, and costs through trial and appeal should be granted against Respondent and in favor of Petitioner for the use and benefit of Petitioner's attorneys; or, in the alternative, Petitioner requests that reasonable attorney's fees, expenses, and costs through trial and appeal be taxed as costs and be ordered paid directly to Petitioner's attorneys, who may enforce the order in the attorney's own name. Petitioner requests postjudgment interest as allowed by law.

20.    *Prayer*

Petitioner prays that citation and notice issue as required by law and that the Court grant a divorce and all other relief requested in this petition.

Petitioner prays that notice of this application for a Protective Order issue as required by law and that the Court enter the protective orders as requested in this application.

Petitioner further prays that the Court immediately issue a temporary protective order, ex parte, in conformity with the allegations stated above, prohibiting Respondent from the acts and ordering Respondent to do the acts set forth above until a hearing can be held.

Petitioner prays that a hearing be held immediately, but no later than the fourteenth day after the date this application is filed; that, after notice and hearing, the Court grant the relief requested above; and that the Court dispense with the necessity of a bond.

Petitioner prays that the Court immediately grant a temporary restraining order restraining Respondent, in conformity with the allegations of this petition, from the acts set forth above, and Petitioner prays that, after notice and hearing, this temporary restraining order be made a temporary injunction.

Petitioner prays that, on final hearing, the Court enter a permanent injunction enjoining Respondent, in conformity with the allegations of this petition, from the acts set forth above.

Petitioner prays for attorney's fees, expenses, and costs as requested above.

Petitioner prays for general relief.

## COUNT TWO

In addition to Count One, and without waiving the same, Petitioner would join the following additional parties, who need to be joined for an adequate adjudication of this case and to prevent irrevocable prejudice to Petitioner's rights in community property owned by herself and GARY W. PURSER, SR. The parties to be joined are MELISSA V. DEATON, hereafter referred to as "DEATON" and MARY DENISE BOHANNON STEELE, hereinafter referred to as "STEELE". Complaint is made in this Count Two of such additional parties, as well as GARY W. PURSER, SR. and Petitioner would show the Court as follows with regard to such parties:

*I.*

*Request for Temporary Restraining Order*

Petitioner requests the Court to dispense with the issuance of a bond, and Petitioner further requests that Defendants, GARY W. PURSER, SR., MELISSA V. DEATON, and MARY DENISE BOHANNON STEELE, be temporarily restrained immediately, without hearing, and after notice and hearing be temporarily enjoined, pending the further order of this Court, from:

1.     Communicating with Petitioner in person, by telephone, or in writing in vulgar, profane, obscene, or indecent language or in a coarse or offensive manner;

2.     Threatening Petitioner in person, by telephone, or in writing to take unlawful action against any person;

3.      Placing one or more telephone calls, anonymously, at any unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication;

4.      Causing bodily injury to Petitioner; or

5.      Threatening Petitioner with imminent bodily injury.

*II.*

*Request for Temporary Orders Concerning Use of Property*

Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue any appropriate temporary injunctions respecting the temporary use of the parties' property as deemed necessary and equitable, including but not limited to the following:

•The family residence located at 2113 Lakeview Loop, Killeen, Texas, 76543;

•All community property, trust property and bank accounts within the control of GARY W. PURSER, SR.

*III.*

*Attorney's Fees, Expenses, Costs, and Interest*

It was necessary for Petitioner to secure the services of JOHN O. ROARK and LARRY H. SCHWARTZ, licensed attorneys, to prepare and prosecute this suit. To effect an equitable division of the estate of the parties and as a part of the division, judgment for attorney's fees, expenses, and costs through trial and appeal should be granted against Defendants and in favor of Petitioner for the use and benefit of Petitioner's attorneys and be ordered paid directly to Petitioner's attorneys, who may enforce the judgment in the attorney's own name. Petitioner requests postjudgment interest as allowed by law.

*IV.*

*Prayer*

Petitioner prays that citation and notice issue as required by law and that the Court grant the relief requested in this petition.

Petitioner prays that the Court immediately grant a temporary restraining order restraining Defendants, GARY W. PURSER, SR., MELISSA V. DEATON, and MARY DENISE BOHANNON STEELE, in conformity with the allegations of this petition, from the acts set forth above, and Petitioner prays that, after notice and hearing, this temporary restraining order be made a temporary injunction.

Petitioner prays for attorney's fees, expenses, charges and costs as requested above.

Petitioner prays for general relief.

## COUNT THREE

In addition to Count One and Two, and without waiving the same, Petitioner would show the Court as follows:

*I.*

*Causes of Action for Assault*

a.      Cause of Action for Intentional, Knowing, or Reckless Bodily Injury

Defendant, GARY W. PURSER, SR., suffers from dementia and Alzheimers, the symptoms of which include fits of rage and irritability, including physical assault upon family members and Petitioner.  Defendant, GARY W. PURSER, SR., intentionally or knowingly or recklessly caused bodily injury to Petitioner and family members.

b.      Cause of Action for Threat of Imminent Bodily Injury

Defendant, GARY W. PURSER, SR., due to his dementia and mental condition, has intentionally and knowingly threatened Petitioner by threatening her with violence assault, which placed Petitioner in fear or apprehension of imminent bodily injury.

Page 18 of 23

## II.

### Cause of Action for Intentional Infliction of Emotional Distress

Defendant, GARY W. PURSER, SR.,due to his mental condition, has intentionally or recklessly engaged in a pattern of extreme, inappropriate, and outrageous conduct that caused Petitioner to suffer severe emotional distress. Defendants DEATON and STEELE, by their actions and acting in concert to deceive and defraud the community estate, have intentionally inflicted emotional distress on Petitioner when they know Petitioner objected to their taking of assets from the community estate. DEATON has called and communicated with Petitioner, causing additional harm.

## III.

### Actual Damages for Resulting Personal Injuries

As a direct and proximate result of Defendant, GARY W. PURSER, SR., DEATON and STEELE's wrongful conduct alleged above, Petitioner has suffered certain damages including:

a.   physical pain, suffering, and mental anguish in the past;

b.   physical pain, suffering, and mental anguish that in reasonable probability will be suffered in the future; and

c.   loss of companionship and society.

Petitioner additionally brings this suit for these damages, which are within the jurisdictional limits of this Court.

## IV.

### Exemplary Damages

The conduct committed by Defendants, GARY W. PURSER, SR., DEATON and STEELE against Petitioner is the type of conduct evidencing actual malice on Defendants', part that allows the imposition of exemplary damages. Petitioner additionally brings this suit for these damages, which are within the jurisdictional limits of this Court.

## V.

### Breach of Fiduciary Duty

Defendant, GARY W. PURSER, SR., as Petitioner's spouse, had a fiduciary relationship with and a fiduciary duty to Petitioner. As a result of their fiduciary relationship, Petitioner reposed a special confidence in Defendant, GARY W. PURSER, SR., and Defendant, GARY W. PURSER, SR. had a duty in equity and good conscience to act in good faith and with due regard for Petitioner's interests.

Defendant, GARY W. PURSER, SR., in violation of his duty to Petitioner, has breached his duty to Petitioner as set forth in paragraph 10 of Count One.

a. Constructive Fraud

Defendant, GARY W. PURSER, SR., has defrauded Petitioner by breaching a legal and/or equitable duty owed Petitioner as a result of their fiduciary relationship. That breach is fraudulent because, irrespective of his moral guilt or mental condition, the breach had a tendency to deceive Petitioner and to violate Petitioner's confidence or to injure the public interest. Defendant, GARY W. PURSER, SR.'s actions damaged Petitioner as set forth in Paragraph 10(a) of Count One.

b. Waste of Assets

Defendant, GARY W. PURSER, SR., has squandered community assets by making grossly excessive gifts of community assets to MELISSA V. DEATON, MARY DENISE BOHANNON STEELE, persons who are not the natural objects of Defendant's generosity. Defendant, GARY W. PURSER, SR., has spent and wasted community funds on these persons at a time when Defendant knew that Petitioner objected to these expenditures. These expenditures and gifts of property are in direct violation of Defendant, GARY W. PURSER, SR.'s duty as co-manager of the community estate.

### IX.

### *Attorney's Fees, Expenses, Costs, and Interest*

It was necessary for Petitioner to secure the services of JOHN O. ROARK and LARRY H. SCHWARTZ, licensed attorneys, to prepare and prosecute this suit. To effect an equitable division of the estate of the parties and as a part of the division, judgment for attorney's fees, expenses, and costs through trial and appeal should be granted against Defendants and in favor of Petitioner for the use and benefit of Petitioner's attorneys and be ordered paid directly to Petitioner's attorneys, who may enforce the judgment in the attorney's own name. Petitioner requests postjudgment interest as allowed by law.

### X.

### *Prayer*

Petitioner prays that citation and notice issue as required by law and that the Court grant the relief requested in this petition.

Petitioner prays for judgment against Defendants, GARY W. PURSER, SR., MELISSA V. DEATON, and MARY DENISE BOHANNON STEELE, in a sum within jurisdictional limits of this Court for her actual damages as alleged, for exemplary damages, for prejudgment and postjudgment interest as allowed by law, for costs of court, and for general relief.

Petitioner prays for attorneys' fees, expenses, charges and costs as requested above.

Petitioner prays for general relief.

Respectfully submitted,

**JOHN O. ROARK**
100 West Adams Avenue, Suite 309
P. O. Box 864
Temple, Texas 76503-0864
Telephone: [254] 778-4224
Facsimile:  [254] 778-3822

By: _____
JOHN O. ROARK
State Bar No. 16979000
Attorney for Petitioner


**SCHWARTZ & EARP**
609 Laurel Street
El Paso, Texas 79903-3401
Telephone:  [915] 542-1533
Facsimile:   [915] 544-1544

By: _____
LARRY H. SCHWARTZ
State Bar No. 17866000
Attorney for Petitioner

by _____ (w) permission

EXHIBIT "D"

NO. 243,320-C

| | |
|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF: | IN THE DISTRICT COURT |
| J. HELEN PURSER | |
| AND | 264TH JUDICIAL DISTRICT |
| GARY W. PURSER, SR. | |
| AND | BELL COUNTY, TEXAS |
| J. HELEN PURSER,<br>          Plaintiff | |
| v. | |
| GARY W. PURSER, SR.,<br>MELISSA V. DEATON AND<br>MARY DENISE BOHANNON STEELE,<br>          Defendants. | |

## AGREED TEMPORARY ORDERS

The parties hereby agree to the following Temporary Orders:

*Appearances*

Petitioner, J. HELEN PURSER, appeared through attorneys of record, JOHN O. ROARK and LARRY H. SCHWARTZ, and announced ready.

Respondent and Defendant, GARY W. PURSER, SR., appeared through attorney of record, BARBARA SCHWARZ YOUNG, and announced ready.

The parties have agreed to the terms of this order as evidenced by the signatures below.

*Jurisdiction*

The Court, after examining the record and the agreement of the parties and hearing the evidence and argument of counsel, finds that all necessary prerequisites of the law have been legally satisfied and that the Court has jurisdiction of this case and of all the parties.

Temporary Orders - Cause No. 243,320-C                                    Page 1 of 8

EXHIBIT
3

*Child*

The Court finds that there is no child of the marriage of Petitioner and Respondent now under eighteen years of age or otherwise entitled to support and that none is expected.

*Temporary Injunction*

The Court finds that the parties have agreed to the entry of the following temporary injunction while this case is pending.

The temporary injunction granted below shall be effective immediately and shall be binding on the parties; on their agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise. The requirement of a bond is waived.

IT IS ORDERED that Petitioner and Respondent are enjoined from:

1.  Communicating with the other party in person, by telephone, or in writing in vulgar, profane, obscene, or indecent language or in a coarse or offensive manner.

2.  Placing any telephone calls, anonymously or requesting anyone to call to the other party, at any unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication.

3.  Threatening the other party with imminent bodily injury or in any manner, or causing bodily injury to the other party.

4.  Destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties.

5.  Falsifying any writing or record relating to the property of either party.

6.  Damaging or destroying the tangible property of one or both of the parties, including any document that represents or embodies anything of value.

7.      Tampering with the tangible property of one or both of the parties, including any document that represents or embodies anything of value, and causing pecuniary loss to the other party.

8.      Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of Petitioner or Respondent, whether personalty or realty, and whether separate or community, except as specifically authorized by this order.

9.      Incurring any indebtedness, by cash, loan, credit card or other instrument, other than Petitioner's or Respondent's personal legal expenses in connection with this suit, except as specifically authorized by order of this Court.

10.     Making withdrawals from any trust, checking or savings account in any financial institution for any purpose, except as specifically authorized by this order. The Court hereby ORDERS all financial institutions to adhere to this ORDER.

11.     Spending any sum of cash in the possession or subject to the control of either party for any purpose, except as specifically authorized by this order.

12.     Spending any sum of cash in the Gary W. Purser, Sr. 1999 Trust for any purpose, except as specifically authorized by this order. The Court hereby ORDERS First National Bank Texas to adhere to this ORDER until further order of the Court.

13.     Withdrawing or borrowing in any manner for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by this order.

14.     Entering any safe-deposit box in the name of or subject to the control of Petitioner or Respondent, whether individually or jointly with others.

15.     Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of Petitioner or Respondent, except as specifically authorized by this order.

Temporary Orders - Cause No. 243,320-C                                    Page 3 of 8

16.    Changing or in any manner altering the beneficiary designation on any Will, Trust, Testamentary Instrument, or life insurance on the life of Petitioner or Respondent.

17.    Canceling, altering, failing to renew or pay premiums, or in any manner affecting the present level of coverage of any life, casualty, automobile, or health insurance policies insuring the parties' property or persons.

18.    Opening or diverting mail addressed to the other party.

19.    Signing or endorsing the other party's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends, or attempting to negotiate any negotiable instrument payable to the parties or the other party without the personal signature of the other party.

20.    Taking any action to terminate or limit credit or charge cards in the name of the parties or the other party, except as specifically authorized in this order.

21.    Destroying, disposing of, or altering any financial records of the parties, including but not limited to records from financial institutions (including canceled checks and deposit slips), all records of credit purchases or cash advances, tax returns, and financial statements.

22.    Destroying, disposing of, or altering any e-mail or other electronic data relevant to the subject matters of this case, whether stored on a hard drive or on a diskette or other electronic storage device.

IT IS ORDERED that Petitioner is further enjoined from:

1.    Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance, at 2113 Lakeview Loop, Killeen, Texas 76543 or in any manner attempting to withdraw any deposits for service in connection with those services.

2.    Excluding Respondent from the use and enjoyment of the residence located at 4609 Sunflower Drive, Killeen, Texas.

3.    Entering, operating, or exercising control over the personal property in the possession of Respondent at 4609 Sunflower Drive, Killeen, Texas.

IT IS ORDERED that Respondent is further enjoined from:

1.    Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance, at 2113 Lakeview Loop, Killeen, Texas 76543 or in any manner attempting to withdraw any deposits for service in connection with those services.

2.    Excluding Petitioner from the use and enjoyment of the residence located at 2113 Lakeview Loop, Killeen, Texas 76543.

3.    Entering, operating, or exercising control over the 2010 Toyota Camry motor vehicle in the possession of Petitioner.

4.    Interfering in any manner with the operation of the family businesses or making any expenditures from the businesses, except as specifically authorized by this order.

5    Interfering in any manner with any of the motor vehicles belonging to the family businesses, except as specifically authorized by this order.

6.    Providing any support, loans, money or other property to Melissa Deaton or Denise Steele, Defendants.

IT IS ORDERED that Petitioner is specifically authorized:

To make expenditures and incur indebtedness for reasonable and necessary living expenses for food, clothing, shelter, transportation, and medical care.

To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this suit.

To make withdrawals from accounts in financial institutions only for the purposes authorized by this order.

Temporary Orders - Cause No. 243,320-C                                              Page 5 of 8

To engage in acts reasonable and necessary to conduct Petitioner's usual business and occupation.

IT IS ORDERED that Respondent is specifically authorized:

To make expenditures and incur indebtedness for his reasonable and necessary living expenses for food, clothing, shelter, transportation, and medical care, and not for any other persons or parties to this action.

To make expenditures and incur indebtedness only for his reasonable attorney's fees and expenses in connection with this suit, and not for any other persons or parties to this action.

IT IS FURTHER ORDERED that Defendants, GARY W. PURSER, SR., MELISSA V. DEATON and MARY DENISE BOHANNON STEELE, are enjoined from doing or causing to be done, directly or indirectly, any of the following acts:

1.     Communicating with Petitioner in person, by telephone, or in writing in vulgar, profane, obscene, or indecent language or in a coarse or offensive manner.

2.     Threatening Petitioner in person, by telephone, or in writing to take unlawful action against any person;

3.     Placing one or more telephone calls, anonymously, at any unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication;

4.     Causing bodily injury to Petitioner;

5.     Threatening Petitioner with imminent bodily injury; or

6.     Taking any property, money, bank account proceeds or trust proceeds from any accounts in the name of GARY W. PURSER, SR., J. HELEN PURSER, or any business entities owned by the Purser family.

*Duration*

These Temporary Orders shall continue in force until the signing of the Final Decree of Divorce or until further order of this Court.

SIGNED on ⎽⎽⎽⎽June 25⎽⎽⎽⎽, 2010.

⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
JUDGE PRESIDING

Temporary Orders - Cause No. 243,320-C                                              Page 7 of 8

**APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:**

SCHWARTZ & EARP
609 Laurel Street
El Paso, Texas 79903-3401
Telephone: (915) 542-1533
Facsimile:    (915) 544-1544

By: _____
LARRY H. SCHWARTZ
State Bar No. 17858800
JEFF RAY
State Bar No. 16604100
Attorneys for Petitioner/Plaintiff

RAY, VALDEZ, McCHRISTIAN & JEANS
5822 Cromo Drive
El Paso, Texas 79912
Telephone: (915) 832-7200
Facsimile: (915) 832-7333

YOUNG, LIBERSKY & HOLBROOK
2313 Birdcreek Terrace
Temple, Texas 76502
Telephone: (254) 774-1990
Facsimile:    (254) 774-1997

By: _____
BARBARA SCHWARZ YOUNG
Attorney for Respondent/Defendant
State Bar No. 22171800

Temporary Orders - Cause No. 2009,320.C                                    Page 8 of 8

# *PROMISSORY NOTE*

$10,000.00                                     Date: 7/13/2010

For value received, the undersigned Gary Purser (the "Borrower"), at _____, Killeen, Texas 76543, promises to pay to the order of Carothers Homes, LLC, (the "Lender"), at PO Box 3087, Harker Heights, Texas 76548, (or at such other place as the Lender may designate in writing) the sum of $10,000.00 with no interest.

The unpaid principal shall be payable in full on _____ (the "Due Date").

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty.

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the principal and any accrued interest in full on or before the Due Date;

2) the death of the Borrower or Lender;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit.

© This is a RocketLawyer.com Legal Document ©

**EXHIBIT**

4

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and nonpayment of this Note.

No renewal or extension of this Note, delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note shall affect the liability or the obligations of the Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This Note shall be construed in accordance with the laws of the State of Texas.

Signed this _____ day of _____, _____, at _____, _____.

Borrower:
Gary Purser

By:_____
Gary Purser

© This is a RocketLawyer.com Legal Document ©

# Bell District
**ELECTRONIC FILING MANAGER**

**Court Information**

| | |
|---|---|
| **Clerk:** | **Hoelscher, Lacey** |

**Attorney & Filer Information**

| | |
|---|---|
| Attorney Name: | Ray, Jeff |
| Attorney Email: | jray@rvmjfirm.com |
| Bar Number: | 16604400 |
| Law Firm: | Ray, Valdez, McChristian & Jeans, LLP-El Paso |
| Address: | 5822 Cromo Drive |
| City/State/Zip: | El Paso, TX 79912 |
| Phone Number: | 915-832-7200 |
| Fax Number: | 915-832-7333 |
| Filer Name: | Lamas, Julie |
| Filer ID: | jlamas |
| Filer Email: | jlamas@rvmjfirm.com |
| Filer Type: | Attorney's Assistant |
| Filing Type and Fee Changes Allowed? | Yes |

**Filing Information**

| | |
|---|---|
| Filing Status: | Acknowledgement - Open |
| Filer Submission Date/Time | Wednesday, July 14, 2010 8:23 PM |
| Trace Number: | ED014J015866211 |
| Court Assignment: | 264th District Court |
| Hearing Date: | |
| Court Type: | District |
| Case/Cause Number: | 243,320-C |
| Style/Case Name: | In the Matter of the Marriage of: J. Helen Purser and Gary W. Purser, Sr. and J. Helen Purser, Plaintiff v. Gary W. Purser, Sr., Melissa V. Deaton and Mary Denise Bohannon Steele, Defendants. |
| Filing Type: | Motion for Contempt - Family |
| Sealed Document: | No |
| Special Instructions: | |

| | |
|---|---|
| Comments to the Filer: | |
| Additional Comments: | |

## Filing Parties & Attorney of Record

| Name | Roles |
|---|---|
| Lamas, Julie | Filer |
| Ray, Jeff | Filing Attorney - Attorney of Record - Plaintiff Counsel |

## Petitioner Attorneys

| Name | Roles |
|---|---|
| Schwartz, Larry | Plaintiff Counsel |
| Roark , John | Plaintiff Counsel |
| Ray, Jeff | Filing Attorney - Attorney of Record - Plaintiff Counsel |

## Defense Attorneys

| Name | Roles |
|---|---|
| Redington, John | Defense Counsel |
| Young, Barbara | Defense Counsel |

## Other Parties

| None Specified |
|---|

**Payment Information**

**Payment Method: Credit Card - MasterCard, Account # ************5195**

**Filing Fees**

| Bell District eFiling Fee | $2.00 |
|---|---|
| Motion for Contempt - Family | $30.00 |

**Filing Fee Total: $32.00**

**Grand Total: $32.00**

**Document Information**

**Number of Documents**   1

**Filing Document**

File Name:                          Motion for Contempt.pdf

Document Description: